Kevin M. McDonough
Direct Dial: +1.212.906.1246
kevin.mcdonough@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

August 22, 2024



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Toptal, LLC v. Andela Inc. et al.*, 1:24-cv-04027-JHR-JEW (S.D.N.Y.):
      <u>Plaintiff Toptal, LLC's Letter Motion to File Under Seal</u>

Dear Judge Rearden:

We represent Plaintiff Toptal, LLC ("Toptal") in the above-referenced action. Pursuant to Rule 9(C) of the Court's Individual Practices in Civil Cases and the parties' Protective Order in this case, Toptal has conferred with Defendants, Andela Inc. ("Andela") and Courtney Machi, and respectfully requests permission to seal and file in redacted form the following documents:

- Exhibits 5, 10, 11, and 14 to the Declaration of Megan A. Behrman in Opposition to Defendant Courtney Machi's Motion to Dismiss.

While there is a common law right of public access to judicial documents, that right is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116-20 (2d Cir. 2006). Courts in this district regularly find that documents containing sensitive business information satisfy the sealing standard. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted) ("documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard").

Toptal seeks to file Exhibit 10 under seal. Exhibit 10, produced by Andela and Bates stamped ANDELA 000976, is a 28-page document titled "Toptal Info" that Andela apparently

**LATHAM & WATKINS** LLP

created to detail some of the Toptal proprietary information that Andela had collected. Exhibit 10 includes information about Toptal's pricing strategy, technology, talent network, sales, finance/accounting, legal, delivery, and network community. The document was derived from information gleaned from interviews with former Toptal personnel, many of whom Andela had hired. This document contains confidential and sensitive business information, as well as trade secrets. Toptal would suffer harm if another competitor were to discover this sensitive information about its business. Similarly, Toptal requests that Exhibit 5, produced by Machi and Bates stamped MACHI 000334, be redacted to protect confidential information regarding Toptal's business operations that Machi revealed to Andela on page MACHI 000336. The redactions are narrowly-tailored to protect highly sensitive information. The information in Exhibit 10 and Exhibit 5 that Toptal seeks to seal or redact is precisely the type of information that courts regularly permit to be sealed. *See, e.g.*, *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information . . . may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Toptal informed Andela and Machi of its intent to file with Toptal's Opposition to Defendant Machi's Motion to Dismiss documents produced by Andela and Machi that contained confidential designations. Toptal respectfully requests that the Court grant this request pending the Court's evaluation of a letter from Defendants explaining the need for the additional redactions in Exhibits 5, 11, and 14, as required by Your Honor's Individual Rule 9(C)(i).

We thank the Court for its consideration.

Dated: August 22, 2024

Respectfully submitted,

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)

Application GRANTED. Exhibit 10 to the August 22, 2024 Declaration of Megan A. Behrman (ECF No. 31) shall be SEALED. Exhibits 5, 11, and 14 to the August 22, 2024 Declaration of Megan A. Behrman (ECF No. 31) shall remain on the docket in redacted form (ECF Nos. 31-5, 31-11, 31-14).

The Clerk of Court is directed to terminate ECF No. 29. SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: September 16, 2024