Kevin M. McDonough
Direct Dial: +1.212.906.1246
kevin.mcdonough@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM&WATKINS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2024

August 28, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Toptal, LLC v. Andela Inc. et al.*, 1:24-cv-04027-JHR-JEW (S.D.N.Y.):
<u>Plaintiff Toptal, LLC's Letter-Motion to File Under Seal</u>

Dear Judge Rearden:

We represent Plaintiff Toptal, LLC ("Toptal") in the above-referenced action. Defendant Andela Inc. ("Andela") filed a Letter Request on August 23, 2024 and attached two Toptal documents as Exhibits 2 and 4. Pursuant to Rules 9.B. and 9.C. of the Court's Individual Practices in Civil Cases and the parties' Protective Order in this case, Toptal respectfully requests permission to seal Exhibits 2 and 4.[1]

While Toptal acknowledges the common law right of public access to judicial documents, that right is balanced against "countervailing factors," including the "privacy interests of those resisting disclosure." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978); *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116-20 (2d Cir. 2006). Courts in this district regularly find that documents containing sensitive business information and trade secrets satisfy the sealing standard. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). Particularly where, as here, the documents are "submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).

---

[1] While the information Toptal seeks to seal contains proprietary or trade secret information that is subject to sealing without Court approval under Rule 9.A. of the Court's Individual Practices in Civil Cases, Toptal submits this letter motion out of an abundance of caution.

LATHAM & WATKINS LLP

  Exhibit 2 is Toptal's trade secret disclosure. ECF No. 35-2. It is a detailed, 50-page appendix that Toptal produced in 2023 in response to one of Andela's interrogatories. The document describes Toptal's confidential and proprietary information and quotes directly from Toptal documents evidencing its trade secrets and confidential information. Exhibit 4 is Toptal's Responses and Objections to Andela's Interrogatories. Andela's interrogatories request specific information about Toptal's trade secrets and confidential information. In its responses, Toptal details its proprietary and confidential information that was found in Andela documents. This includes confidential information regarding Toptal's business strategy, personnel decisions, and financial information. ECF No. 35-4 at 9-10. This type of information falls squarely within the type of information courts in this District regularly maintain under seal. *See Kewazinga Corp.*, 2021 WL 1222122, at *3 ("documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information . . . may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

  Toptal respectfully requests that the Court permit the sealing of the foregoing documents. We thank the Court for its consideration.

Dated: August 28, 2024
   New York, NY

Respectfully submitted,

*/s/ Kevin M. McDonough*

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

Application GRANTED. Exhibits 2 and 4 to Defendant's August 23, 2024 Letter Motion for Conference (ECF No. 34) shall be SEALED.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden U.S.D.J.
Dated: September 16, 2024