**Kevin M. McDonough**
Direct Dial: +1.212.906.1246
kevin.mcDonough@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

> This request is GRANTED.
>
> The Clerk of Court is respectfully requested to close Dkt. No. 46.
>
> SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> United States Magistrate Judge
> October 29, 2025

November 6, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Toptal, LLC v. Andela Inc. et al.*, 1:24-cv-04027-JHR-JEW (S.D.N.Y.):
    Plaintiff Toptal, LLC's Letter Motion to File Under Seal

Dear Judge Rearden:

We represent Plaintiff Toptal, LLC ("Toptal") in the above-referenced action. Pursuant to Rule 9 of the Court's Individual Practices in Civil Cases and the parties' Protective Order in this case, Toptal requests permission to seal or file in redacted form the following documents:

- Exhibits 12 (ANDELA 003846) and 15 (ANDELA 006068) to Toptal's Letter Motion for a Discovery Conference, which Toptal seeks to file with redactions.

- Exhibits 2, 13-14, and 16-19 to Toptal's Letter Motion for a Discovery Conference. The documents were produced by Andela at the following Bates stamps and marked "Confidential" or "Highly Confidential": ANDELA 065310; ANDELA 101842; ANDELA 011791; ANDELA 012490; ANDELA 065559; ANDELA 014993; and ANDELA 000050.

- Portions of Toptal's Letter Motion for a Discovery Conference that quote from Exhibits 2, 13, and 19.

The common law right of public access to judicial documents is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." and balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116-20 (2d Cir. 2006). Sensitive business information, such as "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information" is regularly found to satisfy the sealing standard. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-

**LATHAM&WATKINS**LLP

50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting). And when documents are "submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).

Toptal seeks to file Exhibits 12 and 15 in redacted form because they contain Toptal's sensitive business information. Exhibits 12 and 15 contain confidential and highly sensitive compensation, pricing, and revenue information that was revealed to Andela. Toptal would suffer harm if another competitor were to discover this sensitive information about its business. The proposed redactions, identified in yellow highlighting, are narrowly tailored and contain the type of information courts regularly permit to be sealed. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (categories of information "commonly sealed" include "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information . . .").

Additionally, on September 13, 2024, Toptal informed Andela and Machi of its intent to file with its Letter of Request documents produced by Andela that contained confidential designations. Ex. 9, September 13, 2024 Email. The documents were produced by Andela in this litigation and marked "Confidential" or "Highly Confidential" pursuant to the parties' Protective Order. Pursuant to the Court's Rule 9(C), Toptal asked that Andela confirm whether Toptal should file any of the documents under seal or in redacted form. Andela did not respond to this request.

Toptal respectfully requests that the Court grant its request to file Exhibits 12 and 15 with redactions and grant the remainder of this request pending the Court's evaluation of a letter from Defendants explaining the need for any additional redactions and/or sealing of Toptal's Letter Motion for a Discovery Conference and Exhibits 2 and 12-19, as required by Your Honor's Individual Rule 9(C)(i).

We thank the Court for its consideration.

Dated: November 6, 2024

Respectfully submitted,

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)