LATHAM & WATKINS LLP

Request GRANTED. SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
October 2, 2026

June 22, 2026

**VIA ECF**

Hon. Jennifer E. Willis, U.S.M.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Chamber 425
New York, NY 10007-1312

**Re: *Toptal, LLC v. Andela Inc. et al.*, 1:24-cv-04027: Toptal's Motion To File Under Seal**

Dear Judge Willis:

We represent Plaintiff Toptal, LLC ("Toptal") in the above-referenced action. Pursuant to the parties' Protective Order in this case, ECF 26, and Rule II.E of Your Honor's Individual Rules and Practices in Civil Cases, Toptal respectfully requests permission to seal or redact the following exhibits to Toptal's Letter Motion for a Discovery Conference (the "Motion"), which Toptal seeks to file with redactions:

- Exhibit 6 to the Motion, which contains competitively sensitive Toptal information and was produced by Andela at the following Bates stamp and marked "Highly Confidential": ANDELA 009150.
- Exhibits 4, 5, and 8 to the Motion, which were produced by Andela or Jeremy Johnson at the following Bates stamps and marked "Confidential" or "Highly Confidential": ANDELA 006677 to ANDELA 006683; ANDELA 003013; and ANDELA 006699 to ANDELA 006705.
- Exhibits 9 and 10 to the Motion, which quote from documents produced by Andela marked "Confidential" or "Highly Confidential."

The common law right of public access to judicial documents is not absolute. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . ." and balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116-20 (2d Cir. 2006). Courts in this district regularly find that documents containing sensitive business information such as "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information" satisfy this standard. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting). Particularly where, as here, the documents are "submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re New York City Policing During Summer 2020*

LATHAM&WATKINS LLP

*Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).

Toptal seeks to file Exhibit 6 under seal. Exhibit 6 contains confidential and highly sensitive information regarding Toptal's talent network, earnings, personnel utilization, and client acquisition. This information was derived from Toptal personnel whom Andela hired. Toptal would suffer harm if another competitor were to discover the confidential and highly sensitive information regarding Toptal's business practices. *See Rand v. Travelers Indem. Co.*, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (holding that documents should remain under seal "as public release of this information would threaten cybersecurity efforts and/or reveal confidential, proprietary, and competitively sensitive business information."). This type of sensitive business information is routinely sealed by New York courts. *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (categories of information "commonly sealed" include "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information . . . may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). This Court has sealed similar content in the past. *See* ECF No. 122; ECF No. 116.

In addition, Toptal seeks to file Exhibits 4, 5, and 8, under seal because they are documents produced by Andela or Jeremy Johnson in this litigation and were marked "Confidential" or "Highly Confidential" pursuant to the parties' protective order. Toptal also seeks to file Exhibits 9 and 10 and the Motion with redactions because they contain quotes from documents produced by Andela in this litigation that were marked "Confidential" or "Highly Confidential" pursuant to the parties' protective order.

Toptal respectfully requests that the Court grant its request to seal Exhibits 4, 5, 6, and 8, and to file Exhibits 9 and 10 and the Motion with redactions. We thank the Court for its consideration.

Respectfully submitted,

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)