LATHAM & WATKINS LLP

Request GRANTED. The Clerk of Court is respectfully requested to close Dkt. Nos. 137 and 140. SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
October 2, 2026

June 18, 2026

**VIA ECF**

Hon. Jennifer E. Willis, U.S.M.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Chamber 425
New York, NY 10007-1312

**Re: *Toptal, LLC v. Andela Inc. et al.*, 1:24-cv-04027: Toptal's Motion To File Under Seal**

Dear Judge Willis:

We represent Plaintiff Toptal, LLC ("Toptal") in the above-referenced action. Pursuant to the parties' Protective Order in this case, ECF 26, and Rule II.E of the Your Honor's Individual Rules and Practices in Civil Cases, Toptal respectfully requests permission to seal the following document:

- Exhibit 3 to Toptal's Response to Defendants' June 15, 2026, Letter Motion. Exhibit 3 is a PDF of the excel spreadsheet that was produced as TOP00275987 under the Protective Order's "Highly Confidential" designation and contains very sensitive information, including personal identifying information, about Toptal's team members and internal business structure.

Toptal also requests that the Court maintain under seal Exhibit 1 to Defendants' June 15, 2026, Letter Motion, ECF 138, which is Toptal's second supplemental interrogatory responses and contains detailed information about Toptal's trade secrets, operations, and data management (the "Interrogatory Responses").

Both Exhibit 3 and Toptal's Interrogatory Responses contain and reflect highly confidential information, including Toptal's trade secret and sensitive business information. For the reasons described below, good cause exists to seal the Interrogatory Responses and Exhibit 3.

The common law right of public access to judicial documents is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" and must balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116-20 (2d Cir. 2006). Sensitive business information, including "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information" is regularly found to satisfy the sealing standard. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting). This is especially true when documents are "submitted in connection with a discovery motion, rather than a dispositive motion, in which case the presumption of access is entitled to only 'modest' weight, because the resolution

LATHAM & WATKINS LLP

of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).

Toptal seeks to keep the Interrogatory Responses under seal and to seal Exhibit 3, because they contain and reflect detailed information about Toptal's personnel, operations, data management, and Toptal's ability to track access to its trade secrets and confidential information. Toptal would suffer harm if another competitor were to discover the confidential and highly sensitive information regarding Toptal's data management, because if it were made public, it could pose a legitimate cybersecurity risk to Toptal. *See Rand v. Travelers Indem. Co.*, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (holding that documents should remain under seal "as public release of this information would threaten cybersecurity efforts and/or reveal confidential, proprietary, and competitively sensitive business information"). The Interrogatory Responses and Exhibit 3 contain confidential and highly sensitive information regarding Toptal's internal structure and functions, including information regarding different individuals' access to trade secret and/or confidential information, which is competitively sensitive information that Toptal does not publicize and could be used by a bad actor to target Toptal. This type of information falls squarely within the type of information courts in this District regularly maintain under seal. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("[T]he need to protect a party from a cyber security attack may be a legitimate basis to rebut the public's presumption of access to judicial documents, where the threat of a cyber security attack outweighs the extent to which the particular information was used to inform the Court's opinion"); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (categories of information "commonly sealed" include "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information . . . may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Toptal would be damaged if another competitor were to discover this sensitive information about its business or a bad actor were to obtain information about individuals who have had access to Toptal's systems and the scope and nature of that access. Moreover, the Court previously permitted sealing of Toptal's earlier interrogatory responses containing similar information. *See* ECF 116 (granting letter motion to seal at ECF 106).

Toptal respectfully requests that the Court grant its request to keep the Interrogatory Responses under seal and to seal Exhibit 3. We thank the Court for its consideration.

Respectfully submitted,

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)